OPINION of the Court, by
Judge Bibb.
— -This is a writ of error to the judgment of the county court of Mercer, rejecting a writing purporting to be the last will and testament of George Shoeman, deceased, which had been offered for probate. An objection was sustained by the county court to the competency of one of the two subscribing witnesses.
The ground of objection is, that the witness was the alienee of two lots in Harrodsburg, by deed from the said George in his lifetime, to which estate the wife of the said George had never relinquished her right of dower. It is admitted between the parties, that if the said writing is not established as the last will and testament of the decedent, that the said wife, now the widow and defendant in this writ of error, is the heiress of the estate of her deceased husband, the whole of which is willed and devised to the plaintiff in case the instrument is established. And now the same objection has been made here. In support of the objection it was argued, that if the testament prevails the estate will not be subject, in the hands of the devisee, to the demand of the witness growing out of the covenant of warranty, by reason of the widow’s claim to be endowed of the lots so bargained and sold by the testator ; but that if the devise does not prevail, then the estate will be subject in the hands of the heiress at law, to the covenant of warranty.
But it seems to the court that the property would (according to the statute) be equally subject to the claim upon the warranty, in the hands of the devisee as of the heiress at law. So that it is indifferent to the witness, whether the whole estate descends or passes by devise. Me claims nothing by the will or testament, and can lose *402 or gain nothing by the event of this controversy, be that as it may. Whatever therefore may be his demand upon the estate of the decedent in case the wife shall be endowed of the lots as aforesaid conveyed to him, the'witness has nothing at stake on this controversy ; he does net appear tobe laboring under interest which would go to his competency,’or influence which would go to his credit. ⅝.
The two subscribing witnesses have fully and clearly established the legal requisites to the validity of the instrument, as the last will and testament of the said George Shoeman, deceased ; that he was of full age, of sound mind, that he intended to dispose of his estate, that he did so by the instrument produced, -written by his request, signed by his mark, acknowledged as his last will and testament, and attested by two competent witnesses subscribing their names in his presence. .
It is therefore considered by the court that the said judgment of the county court, rejecting the probate of the said last will and testament of George Shoeman, deceased, be reversed, and it is hereby annulled and set aside ; and the cleric of this court is ordered to make ú faithful transcript of the said last will and testament so attested, and in this court fully proved by the subscribing witnesses, P. Trapnall and Andrew Kyle, and the said transcript being so made, to transmit a copy thereof, together with the original, duly certified to the said county court of Mercer, who are hereby directed to admit the same to record in that court as having been fully proven here, as the last will and testament of said George Shoeman, deceased ; and to make such farther order in and upon the premises, as the laws of the, land and the case may require, not contravening the aforegoing opinion,