Overton, J.
 

 delivered the following opinion of the court.
 

 This is a contest respecting the probate of a will on an issue
 
 devisavit vel non.
 
 The will contains many devises and bequests, so that others than the plaintiff and defendant are interested in its establishment, or destruction. It is agreed by the parties to this suit, that the contest shall proceed by the same ground, as if the original will were produced. There were three subscribing witnesses to the will, Robert and James Allen, sons of the testator, together with another person. None of the lands of the deceased, were devised to any of the three subscribing witnesses.
 

 On the exhibition of the will for probate, it was proved by one of the subscribing witnesses, but by neither of the two sons of the testator. They objected to being sworn, on the ground that they were by law, privileged from being compelled to give evidence against themselves. They were excused by the circuit court.
 

 It was insisted by the plaintiff’s counsel, that the will was not executed as directed by the act of
 
 1784,
 
 c. 22, s. 11, in
 
 *173
 
 this, that the witnesses did not at the time of their attestation, possess the character required by the act. The act requires, that there be at least two subscribing witnesses to a will devising real property " no one of whom shall be interested in the devise of the said land." It is insisted, that Robert and James Allen, sons of the testator, were interested, inasmuch as none of the lands were devised to them, and if the will should be destroyed, they would take by descent.
 

 The whole weight of the question, rests on the construction of this part of the act. We have no doubt, it was the intention of the legislature, that the witnesses should possess the character required by the act, at the time of their attestation. Did the legislature design to include persons, who might be interested in the overthrow if the will ? By the principles of the common law, interested persons were competence in testify against their own interest, but not in favor of it. The rules of construction authorise the adoption of the principles of the common law, as proper light in affording a view of the meaning of an act. Another principle is but in endeavoring to find the meaning of any land of an act, not only every part of the same act, but all acts on the same subject should be taken into view, and if possible the legislature rendered consistent themselves, in their different regulations on the same object.
 

 If the will was properly attested,
 
 no
 
 subsequent events could destroy its validity, as the removal of witnesses, their death, or any change in their situation ; this idea is warranted by the common law, and in affirmance of it, is the provision contained in the act of 1789, c. 23, s. 1. It is moreover provided by that section, that proof by one of the subscribing witnesses shall be sufficient to give a will validity, if not contested. Hence, it results, as a necessary inference, that though the legislature has required by their act of
 
 17
 
 84, at least two subscribing witnesses, that proof by both it not indispensable ; and consequently we see in this provision, a departure from the strict interpretation put on the act of 1784 by the plaintiffs counsel. The interpretation thus insisted on, is predicated on the idea that the legislature has required the production of proof by two subscribing witnesses, before the will could be validated. This is evidently not the case, as will appear by toe legislative provision above mentioned.
 

 
 *174
 
 In common understanding, we believe the words of the act of 1784, would import an interest derived or derivable from the will itself, and not
 
 from
 
 subsequent events or contingencies. " No one of whom shall be interested in the devise of said lands.” If the act designed to exclude every person who might take a benefit under the will, it certainly would have used different language ; broader expressions would have been employed
 
 ;
 
 it is only those, who should have an interest devised to them in some of the lands specified in the will. The sons of the testator were not his heirs till his death, and could derive no interest from his estate until that event.
 

 It has been much insisted, that the legislature designed to establish a rule of attestation, by which no difficulty could arise in the probate of wills ; that they should be proved in court by at least two disinterested witnesses. This argument is not only opposed by the legislative provision in the act of 1789, authorising proof by one witness, but is contrary to the adjudged cases in the exposition of the statute of frauds and perjuries in England, and to the principles of the common law. It is true, the meaning of our act, and that of the statute 29 c. 2, as to wills is different ; but their general scope is the same, and in many instances the reasoning on them is strictly analagous. But the common law, if an instrument be attested by a witness, who may afterwards become interested in its destruction, its validity is not affected. Though you cannot establish its execution by the subscribing witness, you may by secondary evidence, as proof of the hand writing. So we conceive in this case, if the sons of the testator possessed the qualifications for subscribing witnesses, required by the act, the instrument is valid. The
 
 criteria
 
 of validity required by law, are attached to
 
 it
 
 ; and the ordinary rules of evidence afford the means of ascertaining its validity.
 

 An exception has been taken to the jurisdiction of the circuit court. It is asserted, that the statute has not given any power to admit to record on probate, a copy of a will ; and although the parties to this suit, have agreed, that the copy shall be as good as the original, the court ought not to have entertained jurisdiction, there being other parties concerned.
 

 We deem it a sufficient answer to this part of the argument to say, that the court had jurisdiction of the matter ,
 
 *175
 
 and the parties to this suit were competent to agree on the mode of proceeding.
 

 Any decision of this court can only affect the parties to it.
 

 Let the judgment be affirmed.