WRiOHT, J.,
delivered the opinion of the Court.
This case involves the question of the validity of the last will and testament of John Walker, deceased, and was tried in the Circuit Court of Jefferson county, upon an issue of devi-savit vel non, which was found by the jury against the will, and judgment rendered accordingly; to reverse which this writ of error is prosecuted.
This will is attested, only, by two subscribing witnesses, namely, Daniel Carter and Elizabeth Walker->-the latter a *3 child of the testator, and in the event of intestacy, an heir at law and distributee in his estate.
He died seized and possessed of both real and personal property, and the will embraces both; and under it, the witness, Elizabeth Walker, is entitled to various legacies of personal estate, but takes no interest, whatever, in the lands of the testator. He left nine children, or their legal representatives; and since the death of the testator, the said Elizabeth Walker has intermarried with Wm. Cluck.
Upon the trial in the Circuit Court, after the will had been duly proved by Daniel Carter, one of the attesting witnesses, the plaintiff offered to prove said will by the said Elizabeth, now Elizabeth Cluck — the other subscribing witness — but the defendants objected to the proof of said will by the said Elizabeth, on the ground that she was totally incompetent; whereupon, the plaintiff offered to prove by others, and, also, by the witnesses to said will, that her interest would be much greater without the will, as an heir of the testator, John Walker, than if said will were established; but the Court refused to hear this testimony, and held that she was an incompetent witness to prove the execution of the will.
In this there is error. Tested by the rules of the common law, there can be no doubt as to this question. No principle is better settled than that where a witness is produced to testify against his interest, or where he is equally interested on both sides of the cause, so that his interest on one side is counterbalanced by his interest on the other, the rule that interest disqualifies does not apply, and the witness is competent. 1 Greenl. Ev., secs. 391, 399, 410, 420.
It has been repeatedly held that a witness, whose interest under the will is balanced by his interest in the estate in case of an intestacy, is competent either to support or invalidate it; or where, from any other cause, his interest under the instrument is neutralized by an opposing interest against it. Garland v. Crow’s Ex’rs, 2 Bail. 24; Allen v. Allen, 2 Tenn. 172; 4 Des., 282; Thompson v. Sherman, 1 Bibb, 401; Bacon v. Bacon, 17 Pick., 134.
*4 If this be the rule in the ease of a balanced interest, why is it not, a fortiori, the rule, where the witness comes to testify against his interest ? Allen v. Allen, was a case where the witnesses were held competent, and, as we understand it, if they had testified, it would have been against their interest.
But it is contended by the counsel of the defendants in error, that these principles can have no application here, because to ascertain where the interest of the witness lies would involve a collateral inquiry wholly impracticable, unless the Court were to take an inventory of the estate, its debts, &c. We do not assent to this argument. Is not the question of competency in all cases a collateral question ? And will it do to reject the witness altogether because of the difficulty of getting at his interest? If it be of a doubtful nature, the objection goes to his credit, and not -to his competency. He is always presumed to be competent, and it lies upon the objecting party to sustain his exception to the competency; and if he fails satisfactorily to establish it, the witness is to be sworn. 1 Greenl. Ev., sec. 390, It is usually a question for the Court, and often depends upon the decision of intricate questions of fact, and the Judge may, in his discretion, take the opinion of the jury upon them. 1 Greenl. Ev., secs. 422 to 425. But we know of no authority for the rejection of the witness altogether, because of the difficulty of arriving at his interest; and apprehend that the rules of evidence upon this subject, in .testamentary causes, must be the same as in other civil suits. Moreover, we venture the remark, that as to most estates, the question will be easily decided. It must have presented itself in the cases of balanced and neutralized interests to which we .have referred.
The next question is, whether Elizabeth Walker was competent to attest the paper as one of the two witnesses required by law to a will of real estate, under the act of 1784, ch. 22, .sec. 11? The will, by this act, is to ‘'be subscribed in the testator’s presence, by two witnesses at least, no one of which ,-shall be interested in the devise of the said lands.” We are here to be governed by the common law, save where it is changed *5 by this act. And we must bear in mind that a statute is not to be held to alter the common law farther, or otherwise than the act expressly declares. 7 Bac. Ab. (Title Statute I — 4.)
It is well settled in North Carolina that the witnesses should possess the character required by the act, at the time of their attestation; and if the will be once properly attested, no subsequent events can destroy its validity. Allison v. Allison, 4 Hawks, 141; Tucker v. Tucker, 5 Ird., 161. And sois the rule in Allen v. Allen, 2 Tenn., 172, and the weight of authority elsewhere. Modern Probate of Wills, 475, 487-8-9.
Here then are the two subscribing witnesses, and neither of them is interested in the devise of any of the lands in the will. The act does not say that no will shall be good to pass any estate in lands, unless it be subscribed by two witnesses, neither of which shall be interested in any gift in the same contained. No such thing: And nothing of the kind was intended. That was left as at common law. The fact that Elizabeth Walker, in the case of an intestacy of her father, might be one of his heirs and distributees, did not destroy her qualification, under the act, as a witness to his will. This is decided in Allen v. Allen, 2 Tenn., 172. Neither did the fact that she had legacies of personal estate under the same will. This position is embraced by the reasoning in the same authority. The question came directly up in Winant’s Heirs v. Winant’s Devisees, 1 Mur., 148. The case, as reported, is as follows:
“ The testatrix, Penelope Winant, duly published her last will and testament in writing, in the presence of James Word and Margaret Houghton, the only subscribing witnesses thereto, in which was contained the following clause, to wit: ‘I give and bequeath unto Margaret Houghton one woollen wheel, one white round table, all my chairs, and six months to live in the house, if she chooses.’ Margaret Houghton was one of the subscribing witnesses to the will, and the question referred to this Court was, whether the said Margaret was competent to prove the will as to the real estate ?
“ By the Court: The devise to the witness, Margaret *6 Houghton, of permission to stay six months in the house if she chooses, conveys to her no title either to the house or land; and the will being sufficiently proved as to the personal estate hy the other witness, there appears to be no such interest in Margaret Houghton as to destroy her competency as a witness to prove the will for the lands.”
To the same effect is the doctrine of Tucker v. Tucker, 5 Ird., 161. And the position is fortified by Allison v. Allison, 4 Hawks., 141; Daniel v. Proctor, 1 Dev., 428; Old v. Old, 4 Dev., 500; and Matthews v. Marchant, 3 Dev. and Batt., 40.
We are to remember, too, that where a will disposes of both real and personal estate, so far as the attestation of the subscribing witnesses is concerned, it may be good as to the one species of property, and not as to the other. Tucker v. Tucker, 5 Ird., 161.
We have said that Elizabeth Walker was not interested in the devise of any of the lands in this will, for the words: “Provided they, the said John Walker and James E. Walker, support their sister Elizabeth Walker so long as she remains single.” used in the 4th clause of the will, in reference to the land there given them by the testator, create in her no estate, or interest. Her support is, simply, a personal charge on the devisees, John and James E. Walker, in respect of the estate in their hands. They take the estate on condition of paying the charge, and if they had died in the lifetime of the testator, the charge would have ceased; and if they refuse to accept and perform, the devise is void, and the heir may enter. There is no charge upon the estate. Jackson v. Bull, 10 Johns. R., 149; Jackson v. Martin, 18 Johns. R., 32, 37.
We have been referred to the case of Gass’ Heirs v. Gass’ Ex’rs, 3 Hum., 278, as an authority in support of the judgment of the Circuit Court. But it is manifest that case can have no application here. David Gass, the witness there, was neither an heir or distributee in the supposed testator’s estate) and did not come to testify agcdnst his interest, or in the case of a balanced interest. He was a legatee under the will, and an attesting witness to the codicil, and in effect, was ex *7 amined in support of both, against the heirs at law and dis-tributees ; and was, therefore, an interested witness, and inadmissible upon common law principles, unless that interest were, in some proper way, removed; which was not done, or attempted. No question was made upon the act of 1784, and none could have been made; for the witness was not interested in the devise of the lands, the gift to him being merely a legacy of personal estate.
It is not intended, and we do not decide, as to the qualification of a witness under the act of 1784, to attest a will, where he takes an interest in the devise of the lands under it, which is neutralized or over-balanced by a contrary interest of equal or greater value in the estate in case of an intestacy, or from other cause. At common law, in such a case, we have seen the witness would be competent. But it may not be so under the act of 1784 ; and as it is not necessary here, we do not dispose of the question. Allen v. Allen, 2 Tenn., 173-4.
We are, therefore, of opinion, that Elizabeth Walker was a competent witness to this will under the act of 1784 ; and that upon proving the facts proposed to be established, but which were rejected by the Circuit Court, she may very well testify as a witness to the will.
The judgment of the Circuit Court will be reversed, and the cause remanded for another trial.